## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

CURTIS L. MARTIN                                                                                           PLAINTIFF
ADC #86683

V.                                           NO: 5:10CV00311 BSM/HDY

KAJUANA L. JACOBS *et al.*                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District
       Judge  (if such a  hearing is granted)  was not  offered at the
       hearing before the Magistrate Judge.

1

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, currently held at the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, and an amended complaint (docket entry #4), claiming he was falsely charged with, and convicted of, indecent exposure. Because Plaintiff's allegedly improper conviction of a disciplinary violation does not amount to a constitutional violation, his complaint should be dismissed.

## **I.  Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be

granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff, he was wrongly charged with and convicted of indecent exposure in connection with a March 8, 2009, visit from his wife. As a result of his conviction of indecent exposure, along with two other violations, Plaintiff was sentenced to 30 days of punitive isolation, lost certain privileges, and forfeited 179 days of good time (docket entry #2, pages #10-#12). Plaintiff claims his due process rights have been violated.

Federal Courts do not sit in appellate review of a prison disciplinary court's findings, but only decide whether an inmate's due process rights were violated. *Goff v. Dailey*, 991 F.2d 1437, 1440 n.5 (8th Cir. 1993). The United States Supreme Court has held that in prison discipline cases, the requirements of due process are satisfied if "some evidence" supports the decision by the prison disciplinary board. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). In reaching that conclusion, the Court cited with approval the Eighth Circuit decision of *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974), which held that "[t]he sole and only issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken

by prison officials." Accordingly, the only inquiry to be made by this Court is to determine whether some evidence supports the conviction.

With his complaint, Plaintiff filed a document demonstrating that Plaintiff had a hearing conducted by Keith Waddle, where he was found guilty based on a staff report (docket entry #2, pages #10-#12). A staff report constitutes "some evidence." *See Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (prison disciplinary committee's finding, based on corrections officer's description of events, that prisoner actually violated prison regulations essentially "checkmate[d]" prisoner's retaliation claim), cert. denied, 515 U.S. 1145 (1995). Plaintiff had notice of the charges against him, and an opportunity to be heard at the hearing. Because "some evidence" supports the conviction, there was no due process violation, despite Plaintiff's disagreement with the outcome.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

4. All pending motions be DENIED.

DATED this   12   day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE